UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson,<br><br>        Plaintiff,<br><br>   v.<br><br>Esmail Rahimian, in his individual and representative capacity as Trustee -- Rahimian 2005 Family Revocable Living Trust; Parisa Rahimian, in her individual and representative capacity as Trustee -- Rahimian 2005 Family Revocable Living; Tiffany Le, an individual,<br><br>        Defendants. | No. 2:13-cv-01428-GEB-CKD<br><br><br>**ORDER DENYING DISMISSAL MOTION AS MOOT** |

On October 16, 2013, Defendants Esmail Rahimian and Parisa Rahimian filed a motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(7), arguing:

> Defendants no longer own the property at issue. Rather, they sold it to a Tiffany T. Le (on June 7, 2013) more than one month before this case was filed on July 17, 2013. . . . This case should be dismissed pursuant to FRCP 12(b)(2) as this court lacks jurisdiction to grant injunctive relief against the former owner.

> Plaintiff's sole claim for relief to which attaches Federal Jurisdiction, is the First Claim for Relief, alleging violation of the Federal ADA law and seeks injunctive relief

1

> against these non-owners of the property.
> These Defendants would be powerless to
> respond to an injunction. . . . Therefore,
> this Court is without jurisdiction under
> Federal law to give Plaintiff the relief he
> seeks under Federal law.
>
> This case should be dismissed as to these
> moving Defendants and the case remanded to
> State Court to adjudicate the remaining State
> law claims.

(Def.'s Mem. P.&A. in Supp. of Mot. to Dismiss 1:23-2:6, ECF No. 9-1.) However, Plaintiff timely filed a First Amended Complaint on October 18, 2013, (ECF No. 10), in which he added the subject property's new owner, Tiffany Le, as a defendant. The First Amended Complaint is now the operative pleading. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (stating "an amended pleading supersedes the original"); see also Fed. R. Civ. P. [15(a)(1)(B) (stating that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)").

Since the referenced dismissal motion does not address the operative pleading, it is denied as moot.

Dated:  October 30, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2