UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Esmail Rahimian, in his individual and representative capacity as Trustee -- Rahimian 2005 Family Revocable Living Trust; Parisa Rahimian, in her individual and representative capacity as Trustee -- Rahimian 2005 Family Revocable Living; Tiffany Le, an individual,<br><br>　　　　　Defendants. | No. 2:13-cv-01428-GEB-CKD<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |

　　　　The November 19, 2013 Order Continuing Status (Pretrial Scheduling) Conference scheduled a status conference in this case on January 21, 2014, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. No status report was filed as ordered.

　　　　Therefore, each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than January 24, 2014, why sanctions should not be imposed against the party and/or the party's counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written

1

response shall also state whether each party or the party's counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on March 3, 2014, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

        IT IS SO ORDERED.

        Dated:  January 15, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).